We're getting new counsel settled. I want to state for the record that what is obvious to all of us here, namely that our colleague Judge Ralph Winter is participating today by video. So he's very much with us and will participate in the argument as he deems appropriate. Mr. Long. Good morning. May it please the Court. James Christie for Arthur Long, the appellant. Your Honors, the government simply did not have probable cause to stop, arrest, and search Mr. Long. It was not supported by probable cause. Weren't there direct undercover buys from Mr. Long? There was only one purported purchase. Isn't that enough? Well, it was the – that purchase was not supported by any type of wire, typically, that you would be wired. Well, the under – the police officer went with the informant, searched the informant before, provided the money. The informant goes in, makes a buy, or comes back and says he made a buy, and he's got drugs. Well, that certainly wasn't – that wasn't contained within the search warrant application. That was testified to during the hearing. So what, again? I mean, in terms of the arrest of Mr. Long, which is what you began by attacking, the officer who conducted that – are you telling me that the officer who conducted that operation did not have probable cause after that operation to arrest Mr. Long right then? Well, he – she didn't see the actual transaction. Is there – do you have a case that says the – in a situation like this, the officer needs to have seen the transaction take place? No, not specifically. But there was very limited proof in this case of the actual purchase, other than what the courts pointed out in terms of the actual drugs that were recovered. Those drugs were – there was a field test apparently done, but there was no certified laboratory report, and there was no supporting deposition from that field test. So with respect to what those substances are, we never obtained actual proof of what they were. So Mr. Long walked out the door of his house or apartment immediately after these events, and that officer was on the scene at that moment, and having conducted a field test of the drugs that came back with the informant, you're saying she could not have arrested him? Well, that's certainly what the government's contending, that they could have arrested her. And I think that they would have arrested him, certainly, at that time. Why would they do that? They did exactly what any sensible law enforcement agency would do. They went to try to get a warrant so they could get more evidence and make – build a bigger case. The question is, your position is that the officer could not have arrested him then. Because that has to be your position, unless you're saying that you're contesting the collective information doctrine, since she conveyed exactly that information to the officer who did arrest Mr. Long. Well, I was challenging that also, the collective nature of what she conveyed to the officer. There was proof that she did conduct a briefing prior to the execution of the search warrant on the date of that execution, on July 18th. And I was contesting the nature and extent and quality of the information that was actually conveyed at that hearing. In terms of the extent that was conveyed, simply, I think the record supports that a transaction did occur two days before. Suppose all she said to the officers was, we developed probable cause to arrest your job on this day is to make the arrest. That's not good enough? Well, I think that that's certainly conclusory, and in this case, it wasn't supported. Well, it may be, because that's conclusory, but if the probable cause did exist. Right. Isn't that just like the case where somebody says, I have a warrant, you know, please go arrest this man? Yes. I'm just trying to attack both my arguments there. With respect to the collective knowledge argument, Your Honor, the defendant feels that, again, that was insufficient in terms of how this matter was conveyed to the arresting officer. And that he, in the record to support this, I think testified he was simply told to arrest Mr. Long regardless. He didn't know the basis or the reason that he was arresting Mr. Long. There was no vehicle and traffic violation at the time of the stop. There was no arrest warrant for his arrest. He was stopped some distance away from his home in the process of executing the warrant. And there was a warrant for both the car and the home at this time. So is there case law saying that it's invalid under the collective action doctrine if the officer who does have probable cause merely instructs another officer to carry out an arrest? No, just that our position was that there had to be some additional information relative to the nature, substance, and quality of that probable cause. You can't just summarily, you know, our position is that you can't conclude summarily that that would be insufficient. So with respect to that, we didn't feel his arrest was supported by probable cause. I want to move on to the denial of the Franks hearing, Your Honor. Mr. Long was denied a Franks hearing, and I think that was an important part of the arguments. The confidential informant who purportedly did this one single hand-to-hand sale was a known drug user of both marijuana and methalone or ecstasy. The confidential informant was a paid informant by both state agencies and federal agencies in excess of approximately $3,000, and she was provided bonuses for additional information. The field test that was in the warrant, as I indicated, was not supported by a supporting deposition, and there was no actual certified laboratory report for that purported substance that was allegedly purchased on that date, which was July 16th, two days before the warrant was executed. So I believe that our position is that Mr. Long was improperly denied his Franks hearing relative to the law. Based on those points. Now with respect to, since I have a few more minutes, Judge, with respect to the insufficiency of the proof of possession of a firearm and furtherance of drug trafficking, I realize it's a very high burden. With respect to sufficiency of the evidence. But I just want to point out that the guns in this case were found inside the home, and the primary drugs, the principal drugs in the case, were found in the car, hidden in the vehicle. A far distance from the guns themselves. And at best, this would be theoretical evidence or speculative evidence of the use of the firearms in connection with the drug trafficking offense. So, with respect to that particular count, Judge, I respectfully submit that there was insufficient proof with respect to that charge. Judge, I also want to, before I forget, my client did submit a pro se application to the court, and I'd ask the court to consider that respectfully with respect to its decision in this case. I'm sorry, he's submitted a pro se brief? He did submit a pro se brief. So, I would just ask that you consider that in consideration of his concerns relative to that. Thank you, Judge, I've reserved some time. Mr. Pimentel. Good morning, Your Honor. Frank Pimentel for the United States. May it please the court. I would ask, Your Honor, that this court affirm the district court's judgment of conviction and sentence of Mr. Long. First, as Your Honor pointed out, the arrest here was indeed based on probable cause. Namely, the hand-to-hand purchase and sale that was done on July 16th, 2013 under the officer Jennifer Morales' surveillance. Second of all, the search warrant here was based on probable cause, again, largely, although not exclusively, due to the controlled sale and purchase on July 16th. It was also based on the corroboration provided by Officer Morales, namely the fact that Mr. Long's name was on the utilities for the address 35 Chimar. The fact that she had seen him driving the 77 white Cadillac on prior occasions. The fact that the Cadillac was registered to him at that address. And of course, the corroborating evidence also of the confidential informants prior successful work for RPD. Thirdly, in terms of the evidence, and with respect to the Frank's issue, Judge, we really looked at this two different ways. First of all, you could look at it the way that I believe the district court did, which was to say, well, even if you consider the drug use and the payments, if you sort of insert those into the search warrant affidavit, it wouldn't make any difference here. And that's what the district court here concluded. We took the additional step of saying, well, even if you remove the information that only came from the informant and just go with what Officer Morales, Investigator Morales witnessed with the information, the other information she had developed. That was sufficient for probable cause here as well. So on either basis, that is materiality or the necessity prongs of the Frank's issue. The government prevails and the defendant does not meet his burden of requesting a Frank's hearing. Third, in terms of the evidence, it was sufficient on all four counts. And I would start here by reminding the court that Mr. Long, at the time he was arrested, essentially admitted to every element of every count. He was questioned by the officers and admitted ownership of the weapons, admitted ownership of the drugs, both in the car and in the house, admitted having performed sales of marijuana before. Admitted that he had the weapons because he'd been robbed and because he was selling marijuana down on Plymouth Avenue. And I think that gets you, well, and the weapons were at the house, and that all the drugs were at the house. And so, essentially, you take his admissions, you've got enough to convict him of all four counts. But in addition to his admissions, you have all the corroborating evidence. That is, the drugs that were found, and so forth, and all the evidence that was found in the house. The grinder, the digital scale, the extra ammunition, the cash, and so forth. Finally, Mr. Long wasn't able to get to this in his argument, but I will just reiterate to the court. The two-level enhancement was proper here. The district court is entitled to make an inquiry broad in scope, largely unlimited, and here it relied on the information that was developed at the detention hearing. Namely, the obstruction or the threats that were made by Mr. Long at the time of his arrest, both to a confidential informant in jail, and then the recorded phone call to a woman in which he discussed who he suspected was the confidential informant, and how she was with the police, and he needed information to attempt to contact her. So for all of these reasons, Your Honor, subject to your questions, I would ask that this court affirm the district court and affirm the judgment of conviction and the sentence. Does the government have this pro se submission? I do. Okay. Yes. Thank you. Mr. Christie? Thank you. Just for clarity of the record, there were drugs found inside the car. The primary drugs were found inside the car, not inside the house, as indicated by counsel. And with respect to counsel's suggestion to remove, essentially, the information under the Frank's analysis, and to remove information provided by the CI, I would suggest the court consider removing the hand-to-hand sale. If the court's, that came directly from the CI. If the court finds that the information's not- It's difficult to extricate what the CI says from what the officer observed, because the critical transaction is one that the CI conducted. Right, but as I noted, the investigator who was observing the transaction did not observe the actual hand-to-hand transaction. That's in the record. Who's a cooperating individual who isn't either working off of beef or getting paid? Right. Wouldn't any magistrate assume that that's what the nature of this beast is? Right. The amount of money was not an extraordinary amount of money to be paid for. Well, for a person of modest means, using drugs. I'm thinking, what would a magistrate assume when told that we had a cooperating individual do this transaction? The fact that he's a cooperator with the police and informant on an ongoing basis automatically says something about his credibility, which is he's got an incentive to please the police, whether it's money or some sort of consideration in sentencing. Mm-hm, yeah. And finally, with respect to the two-level enhancement, I did put that in my paperwork and I asked the court to consider my arguments relative to that and find that the two-level enhancement was not respectfully warranted. I do know the language that was used. That occurred two years prior to the trial, certainly, and my argument was that the phone call that was purportedly overheard did not actually corroborate the other information that was provided due to the confusion regarding the names of who was actually involved in that. And it was speculative at best. Thank you. Thank you, Mr. Christie. We'll reserve decision and we'll turn to